CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
MAR 11 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | Case No. 3:94cr00061-gmw-1 |
| v. | **OPINION AND ORDER** |
| **ROBERT LEE BRUCE, JR.,**<br>Defendant. | By: Glen M. Williams<br>Senior United States District Judge |

This matter is currently before the court upon the defendant's Petition For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2), (Docket Item No. 236), and his Supplemental Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2), (Docket Item No. 237), (collectively referred to as "Motions"). The defendant requests recalculation of his sentencing guidelines range pursuant to Amendment 706[1] to the United States Sentencing Guidelines, regarding crack cocaine sentencing, and a corresponding reduction of his sentence. On December 11, 2007, the Sentencing Commission decided, pursuant to its authority under 28 U.S.C. § 994(u), that, effective March 3, 2008, Amendment 706 applies retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and

---

[1] This Amendment was presented to Congress on May 1, 2007, as Amendment 9; however, when it became effective November 1, 2007, it became Amendment 706 of the United States Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual supplement to app. C (2007). Amendment 711 amends Amendment 706 to change the commentary regarding the determination of base offense levels in offenses involving additional controlled substances. *See* U.S. Sentencing Guidelines Manual supplement to app. C (2007) Amendment 713 makes Amendment 706 retroactively applicable, effective March 3, 2008. *See* U.S. Sentencing Guidelines Manual supplement to 2007 supplement to app. C (2008).

who are still incarcerated. Under § 3582(c), the court may, but is not required to, modify a defendant's term of imprisonment where the defendant was sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission.

Having considered the defendant's Motions, the court concludes that the Motions must be denied. The defendant was convicted of, inter alia, conspiring to distribute cocaine base, in violation of 21 U.S.C.A. § 846. The evidence at trial indicated that the defendant was responsible for 6.63 kilograms of crack cocaine. Under the amended guidelines, the base offense level for 6.63 kilograms of crack cocaine is 38. At his original sentencing, the defendant received a four-point enhancement for his role in the offense and a two-point enhancement for obstructing justice. Therefore, the defendant's total offense level under the amended guidelines is 44. With a criminal history category of VI, the amended guidelines recommend life imprisonment, the same as at the defendant's original sentencing. Because the guideline recommendation has not changed, this court will not reduce the defendant's sentence.

Accordingly, it is **ORDERED** that the defendant's Motions, (Docket Item Nos. 236 and 237 ), are **DENIED**.

The clerk shall certify a copy of this Order to the defendant, all counsel of record and the United States Attorney's Office.

**ENTER**: This 11th day of March, 2008.

*/s/ Glen M. Williams*
_____
THE HONORABLE GLEN M. WILLIAMS
SENIOR UNITED STATES DISTRICT JUDGE